Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
Brian R.M. Nelson (State Bar No. 279620)
brian@ringstadlaw.com
RINGSTAD & SANDERS LLP
2030 Main Street, 16th Floor
Irvine, CA 92614
Telephone: 949-851-7450
Facsimile: 949-851-6926

General Bankruptcy Counsel for Bradley Sharp,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MARC JOSEPH SPIZZIRRI,<br><br>Debtor.<br><br>BRADLEY SHARP, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>DAVID PACITTI,<br><br>Defendant. | Case No. 8:13-bk-14702-MW<br><br>Chapter 7 Proceeding<br><br>Adversary Proc. No. _____<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL/FRAUDULENT TRANSFER**<br><br><u>Status Conference:</u><br>Date: [TO BE SET]<br>Time: [TO BE SET]<br>Place: Courtroom 6C<br>      411 West Fourth Street<br>      Santa Ana, California 92701 |

Bradley Sharp ("Plaintiff"), the duly-appointed and acting Chapter 7 trustee in the above-captioned bankruptcy case of Marc Joseph Spizzirri ("Debtor"), respectfully alleges as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is brought pursuant to Rules 7001(1) and 7003 of the Federal Rules of Bankruptcy Procedure.

2. The United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

Sections 151, 152, 157, and 1334, 11 U.S.C. Sections 547 and 550, and General Order No. 13-05 of the United States District Court for the Central District of California, dated July 1, 2013.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Sections 157(b)(2)(A), 152(b)(2)(F), and 157(b)(2)(O).

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. Section 1409.

5. This adversary proceeding arises in and is related to the voluntary Chapter 7 bankruptcy case commonly known as *In re Marc Joseph Spizzirri* that is currently pending in this Court, Case No. 8:13-bk-14702-MW (the "Bankruptcy Case").

## PARTIES TO THE ACTION

6. Plaintiff is the duly-appointed and acting Chapter 7 trustee of the Debtor's estate.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant David Pacitti ("Defendant") at all times alleged herein is and has been an individual residing in Delaware County, Pennsylvania.

## STATEMENT OF STANDING

8. Plaintiff, as the Chapter 7 trustee in the Bankruptcy Case, has standing to bring this action pursuant to 11 U.S.C. Sections 547, 548, and 550.

## ALLEGATIONS

9. The Bankruptcy Case was filed under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 30, 2013 (the "Petition Date"). Plaintiff was appointed as the Chapter 11 trustee in the Bankruptcy Case by order entered July 1, 2014 [Bankruptcy Case Docket No. 418]. The Bankruptcy Case was converted to one under Chapter 7 of the Bankruptcy Code by order entered on February 24, 2015 [Bankruptcy Case Docket No. 621].

10. Plaintiff is informed and believes, and thereon alleges, that prior to the Petition Date Defendant invested approximately $150,000 in a project known as the Warrior Film Fund (the "Investment").

11. Plaintiff is informed and believes, and thereon alleges, that on or around August 1, 2011, Defendant loaned $360,000 to Family Collectibles Inc. d/b/a Family Classic Cars (the "Loan"). A promissory note evidencing the Loan is attached hereto as Exhibit "A".

12. Plaintiff is informed and believes, and thereon alleges, that Debtor personally guaranteed the Loan.

13. Plaintiff is informed and believes, and thereon alleges, that Debtor wrote a check to Defendant from a personal account on September 11, 2012, in the amount of $200,000 (the "Transfer"). A true and correct copy of the check evidencing the Transfer is attached hereto as Exhibit "B".

14. Plaintiff is informed and believes, and thereon alleges, that the purpose of the Transfer was to repay a portion of the Loan, repay the Investment, or both.

### FIRST CLAIM FOR RELIEF

**(To Avoid Preferential Transfer Pursuant to 11 U.S.C. Section 547)**

15. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 14, inclusive, as though fully set forth herein.

16. The Transfer was a transfer of an interest of Debtor in property that was made to or for the benefit of a creditor on account of an antecedent debt owed by Debtor before the Transfer was made.

17. The Transfer was made while Debtor was insolvent.

18. The Transfer was made on or within one year before the Petition Date.

19. Defendant is an "insider" of Debtor as that term is defined under 11 U.S.C. Section 101(31) because Defendant is a "relative" of the Debtor as that term is defined under 11 U.S.C. Section 101(45).

20. The Transfer enabled Defendant to receive more than he would have received if Debtor's bankruptcy case were a case under Chapter 7 of the Bankruptcy Code, such transfer had not been made, and Defendant had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

### SECOND CLAIM FOR RELIEF

**(To Avoid Fraudulent Transfer Pursuant to 11 U.S.C. Section 548)**

21. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.     The Transfer was a transfer of an interest of Debtor in property within two years before the Petition Date.

23.     The Transfer was made with the actual intent to hinder, delay, or defraud persons or entities to which Debtor was or became, on or after the date the Transfer was made, indebted.

24.     Debtor received less than reasonably equivalent value in exchange for the Transfer and Debtor (a) was insolvent on the date the Transfer was made or became insolvent as a result of the Transfer, (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was unreasonably small capital, (c) intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured, or (d) made the Transfer to or for the benefit of an "insider," as that term is defined under the Bankruptcy Code, and not in the ordinary course of business.

### THIRD CLAIM FOR RELIEF

### (To Recover Avoided Transfer from Defendant for the Benefit of the Estate Pursuant to 11 U.S.C. Section 550)

25.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26.     Defendant was either (a) the initial transferee of the Transfer, (b) the entity for whose benefit the Transfer was made, or (c) an immediate or mediate transferee of the Transfer.

27.     The Transfer that is avoided under 11 U.S.C. Section 547 or 11 U.S.C. Section 548 is recoverable under 11 U.S.C. Section 550.

28.     Subject to potential defenses, Trustee is entitled to recover the value of the Transfer for the benefit of Debtor's estate under 11 U.S.C. Section 550.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

A.     Awarding Plaintiff and requiring Defendant to pay and turn over $200,000, plus interest;

B.     Awarding Plaintiff and requiring Defendant to pay attorneys' fees and costs incurred in bringing this action; and,

1       C.      Granting such other and further relief as the Court deems just and proper.

2 Dated: June 29, 2015                 Respectfully Submitted,

3                                       RINGSTAD & SANDERS LLP

5                                     By:    /s/ Nanette D. Sanders
                                        Nanette D. Sanders
6                                   General Bankruptcy Counsel for
                                  Bradley Sharp, Chapter 7 Trustee

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ringstad & Sanders LLP
2030 Main Street, 16th Floor
Irvine, California 92614
949 851 7450

# PROMISSORY NOTE

$360,000.00                                                                  August 1, 2011

     FOR VALUE RECEIVED, the undersigned, Family collectibles Inc. dba Family Classic Cars ("Maker") hereby promises to pay to the order of David Pacitti (Holder") the sum of Three Hundred Sixty Thousand Dollars ($360,000.00) together with interest thereon at the rate of One Percent (1%) per annum from and after August 1, 2012 until paid in full, Payable as follows:

The Maker agrees to pay interest (computed on the basis of a 360-day year for the actual number of days elapsed) in monthly installments commencing August 1, 2012.

The Maker shall have the right to make, at any time, without penalty, prepayments of any part or all of the unpaid balance of this Note.

If any of the principal and interest payments are not timely paid as provided herein, the Holder may after ten (10) days prior written notice to Maker during which ten day period Maker shall have the rights to cure such default, immediately declare the entire unpaid principal balance to be immediately due and payable. Holder shall not be required to give any such notice more than two (2) times during the term hereof.

The Maker hereby waives all demand, presentment, and protest and all notices thereto and further agrees to remain bound, notwithstanding any extension, renewal, modification, waiver of other indulgence by any holder, or upon exchange, substitution, or release of any collateral granted as security for the payment of this note. No modification or indulgence by any holder hereof shall be binding unless in writing and any indulgence on any one occasion shall not be deemed an indulgence for any other or future occasion. The right of the holder shall be cumulative. This note shall be construed, governed and enforced in accordance with the laws of the State of California.

If any action, dispute or other proceeding arises or is commenced to interpret, enforce or which relates to this Note, in addition to any other relief granted, the prevailing party shall recover its reasonable costs of enforcement, including without limitation, costs and reasonable attorneys' fees incurred therein.

MAKER

FAMILY COLLECTIBLES, INC.

By: _____

Its: __President_____


Exhibit A
Page 6

```
MARC J. SPIZZIRRI                                          5364
CANDACE SPIZZIRRI
30721 HUNT CLUB DR.                                        16-339/1220
SAN JUAN CAPISTRANO, CA 92675      DATE 9/11/12               -321

PAY to the
ORDER of  David Pacitti                          $ 200,000

Two hundred thousand dollars no/xx/100             DOLLARS

CALIFORNIA BANK & TRUST
TUSTIN OFFICE
17752 EAST 17TH STREET, TUSTIN, CALIFORNIA 92780
CBT Connect 1-800-400-6080  www.calbanktrust.com

MEMO  loan                               [signature]

⑆122003396⑆ 5364⑉ 321001 2896⑈
```

Exhibit B
Page 7